WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Francis Leonard Delores,<br><br>　　　　　Defendant, | CR 09-2856 TUC DCB (JCG)<br><br>**O R D E R** |

　　　The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) as the findings of fact and conclusions of law of this Court and denies Defendant's Motion to Suppress his statement that he shot Leander Salvicio and another victim.

## MAGISTRATE JUDGE'S RECOMMENDATION

　　　On December 29, 2010, Magistrate Judge Jennifer C. Guerin issued a R&R regarding Defendant's Motion to Suppress his confession. Magistrate Judge Guerin found there is no legal requirement to clarify an ambiguous invocation for counsel, Defendant did not invoke his right to counsel, and even if the federal statute and case law regarding presentment applies to Defendant's arrest for the tribal offense, the statement was made before his presentment to a magistrate judge but less than six hours after his arrest. The Magistrate Judge recommends that the Court deny the Motion to Suppress.

## STANDARD OF REVIEW AND CONCLUSION

　　　The duties of the district court in connection with a R&R are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). "The judge may also

receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); *see also* Fed. R. Crim. P. 59(b)(3).

Where the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).  Therefore, to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Cr. P. 59(b) (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Defendant, the Government's Response, the parties' briefs considered by the Magistrate Judge on the Motion to Suppress, and the transcript of record from the hearing.

## OBJECTIONS

The only Objection to Judge Guerin's R&R was filed by Defendant.  He argues that he expressed his desire to see an attorney right away, when he asked: ". . . if I were to wait to talk to an attorney . . . [h]ow long would that take me?"  The Defendant argues that instead of clarifying whether or not this was an invocation of his right to counsel, the detective responded that he would have to wait for an attorney and used this delay to coerce the Defendant to waive his right to counsel so he could "get it off his chest and talk about it and be done with this whole thing."  The Defendant complains that the detective, "did *not*

- 2 -

say that since no lawyer is around at this moment, and you have the right to one now, then we can't talk with you now." (Objection at 6.)

As to the presentment question, the Defendant argues that he should have been retrieved by tribal police at a time when he could have been taken directly before a magistrate judge and, therefore, would not have been questioned until after he had an opportunity to request appointment of counsel.

Upon being arrested, a defendant has the right to be taken before a magistrate judge without unnecessary delay. Fed. R. Cr. P. 5(a)(1)(A). If a confession occurs before presentment and more than six hours after arrest, the court must decide whether the delay was unreasonable or unnecessarily long, and if it was, the confession is to be suppressed. 18 U.S. C. 3501(c); *United States v. Alvarez-Sanchez*, 511 U.S. 350, 354 (1994) (citing *McNabb v. United States*, 318 U.S. 332 (1943); *Mallory v. United States*, 354 U.S. 449 (1957)).

On October 7, 2009, the Defendant was arrested on minor local charges by Pima County Sheriff's department, and was also served with a tribal warrant, which had been issued on July 10, 2009. On October 16, 2009, the local charges were resolved at approximately 2 p.m. The Sheriff continued to hold him until approximately 8:45 p.m., when tribal police picked him up. At 10:45 p.m., a Tohono O'Odham Police detective interviewed the Defendant at the TOPD station. He confessed.

The Court agrees with the Magistrate Judge's calculation regarding the *McNabb-Mallory* rule: "Defendant was interviewed two hours after he was released to Tohono O'Odham authorities." (R&R at 8.) The Court rejects the Defendant's argument that the Sheriff was acting as the authorized agent for tribal authorities and, therefore, the Defendant was being held by tribal authorities as of 2 p.m., when local charges were resolved, instead of 8:45 p.m., when tribal authorities actually took custody of him. More important, "Defendant was not even charged for any federal offense until December 23, 2009." *Id.* The Magistrate Judge properly found no basis to apply the federal presentment requirement to the tribal court proceedings as a basis to dismiss the federal case against him.

The interview was videotaped. The Defendant was read his *Miranda* rights, including the right to counsel and told that if he could not afford an attorney one would be appointed for him. The detective asked the Defendant if he understood his rights. The Defendant said he had a question about the lawyer part. Contrary to Defendant's assertion that the detective should have, but "did *not* say that since no lawyer is around at this moment, and you have the right to one now, then we can't talk with you now. " This was precisely the information the detective gave to the Defendant, which he now argues pressured him into waiving his right to counsel. The detective made it clear that if he wanted counsel, the Defendant would not be able to talk now and "get it off his chest,"but would have to wait and it would take some time to get an attorney and then it would be up to his attorney and him whether he talked to detectives. The video reflects the two sat silently for several seconds, until Defendant ran his hands across his face and then signed the waiver. (Objection at 6; R&R at 3-4) The Defendant did not invoke his right to counsel, he unambiguously waived it, choosing instead to "get it off his chest" rather than wait to talk to an attorney.

## CONCLUSION

After *de novo* review of the issues raised in Defendant's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in her R&R for determining the pending Motion to Suppress. The Court adopts it, and for the reasons stated in the R&R, the Court denies Defendant's Motion to Suppress.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the Defendant's objections, the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress (document 24) is DENIED.

**IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge Jennifer C. Guerin for all pretrial proceedings and Report and Recommendation in

1  accordance with the provisions of 28 U.S.C. § 636(b)(1) and the Rules of Practice for the
2  United States District Court, District of Arizona (Local Rules), Rule (Criminal) 58.2.
3  DATED this 25th day of January, 2011.

David C. Bury
United States District Judge